O’Neall, J.
delivered the opinion of the Court.
We concur with the presiding Judge, that after a plea to the merits of the action, it was too late for the defendant to object that he was not properly in Court.
The proceeding in attachment is in the first instance entirely a proceeding in rem. The defendant may, if he choose, put in special bail and dissolve the attachment, and thus make it exclusively a proceeding in personam,. If the defendant proposes to aPPeai' and plead without putting in special bail, the plaintiff may object to his doing so, and upon the objection being made, it would be irresistible. Acock v. Linn & Lansdown, Harp. *455 369. Fife & Co. v. Clarke 3 M‘C. 347. If however, the plaintiff chooses to permit the defendant to appear and plead without requiring special bail, he may do so; and after having replied to the defendant’s plea, or joined issue upon it, he could never be allowed to make the objection. What might be the effeet of thus permitting the defendant to plead, in dissolving the attachment, I am not prepared to say. It is probable however, that the defendant could only claim to have the attachment dissolved, on putting in special bail. In the case before us, we have no right to look beyond the record; and in that the defendant has by his plea admitted himself in Court, and he is therefore estopped from averring to the contrary.
In the case of Grey ads. Young, Harp. 40. it is said, “ the writ of attachment, although a sort of proceeding in rem, like any other original writ, is intended to bring the defendant into Court; and if he does appear and plead to the merits, like every other, it is functus officio. Its peculiar character is lost, and from thence the proceeding is merely personal, and must be governed by the same rules. The defendant did appear and plead, and according to the rule, all objections to the regularity of the writ were waived, and cannot now avail the defendant.”
If the defendant had not appeared and pleaded; upon the verdict of the jury ascertaining that the property attached was not the property of the defendant, the proceedings by attachment would necessarily have been at an end. But after plea to the action commenced by the attachment, it was as to further proceedings to be had in it, perfectly immaterial whether the property attached did, or did not, belong to the defendant. The plea made the proceeding a proceeding in personam as to the party defendant. The effect of the plea was to put the plaintiff in the first instance to proof of his debt, and to preclude the defendant from the privilege of coming in at any time within two years after the recovery of judgment, and disproving the plaintiff’s debt. Regularly, the issue between the plaintiff and the defendant should have been tried before that between the plaintiff and a stranger claiming the property attached. If the plaintiff fails to recover against the defendant, this is of course an end of both issues. If however, he succeeds, then the question of property still remains to be tried. If this, course had been pursued on this occasion, the defendant would have been heard *456 against the plaintiff’s demand, and been allowed all the privij0ges 0f a party jn court, and after judgment obtained against him, if this objection could prevail, he might turn the plaintiff 0U(; 0f Court upon the ground, that the property attached was not that of the absent debtor. Such a two fold system of protection to the defendant cannot be allowed. The defendant must judge for himself whether he will appear'and plead, first by putting in special bail, or secondly, upon such terms as the plaintiff may be willing to concede the privilege to him. In either case however, he .becomes a party in Court, and is estopped from denying it.
The motion to reverse the Circuit decision is refused.